IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAY CALDWELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 07-726 |
| ) | Judge Terrence F. McVerry/ |
| JEFFREY BEARD, Ph.D., et al., ) | Magistrate Judge Amy Reynolds Hay |
| ) | |
| Defendants ) | |
| ) | Dkt. [71] |

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that Plaintiff's summary judgment motion, Dkt. [71], be denied and that summary judgment be entered *sua sponte* in favor of the Defendants.

REPORT

Clay Caldwell ("Plaintiff"), currently incarcerated at SCI-Greene and serving a life sentence for murder, filed a civil action against many Department of Corrections' employees and the Governor of Pennsylvania. This case has been the subject of a prior report and recommendation, Dkt. [23], and District Court order, adopting that report, Dkt. [27]. Familiarity with those prior proceedings is presumed. As a consequence of those prior proceedings, the only remaining claim is that three Defendants are responsible for the opening of Plaintiff's legal mail outside of his presence.

**Relevant Procedural History**

In the operative complaint, Plaintiff complains that Defendants Davis, Folino and Geehring were involved in one way or another in the opening of his legal mail outside of his presence and that this violated his federal constitutional rights. Specifically, the operative complaint alleged the following:

3. Dan Davis, While Acting under the color of state law; Knew he was violating my constitutional right . . . in knowing that my Legal Mail was and is being "[1]Opened, the same as Louis Folino has known this from SCI-Somerset, where he knew this is against the law, Louis Folino was deputy Superintendent where I was housed . . . . 2001 to present mail being Opened.

4. Louis Folino, Superintendent, SCI-Greene; While Acting under the color of state law;

Knowingly enforces the . . . Opening of Legal Mail without the person being present that mail is addressed to (Inmate). . . .

5. Dean Geehring, while Acting under the color of state law; Knowingly Opening and read legal mail . . . .

. . . . There is no threat of any poison being placed in the mail, any more so why is the dept. of Corrections still opening legal mail, without me being present at the time of opening . . . and it should not be opening mail if I'm not there!

Dkt. [10] at pp. 4 to 5.

By way of relief, Plaintiff requested the following:

I'm suing everyone in their individual and official capacities in compensetary [sic] damages . . . an[d] in punitive damages . . . . And I ask the court for an injunction to have the Department of Correction to "obey" court orders [for Plaintiff] to be placed in a prison closer to Philadelphia, PA because of mother[']s health, and to have (3) 30 minute phone calls a day (direct calling) free of charge! And a (Z) code single cell.

Dkt. [10] at p. 6.[2] The operative complaint was signed by Plaintiff on April 18, 2007. As noted, there is only one claim remaining against the aforementioned three defendants.

Defendants filed a motion to dismiss the operative complaint for failure to state a claim, Dkt. [64], and a brief in support, Dkt. [65]. The court directed Plaintiff to file a response. Dkt. [69]. Plaintiff filed his response, Dkt. [70], as well as four affidavits in support of the complaint, Dkt. Nos. [74] , [88], [92] & [93].

---

[1] There are no matching closing quotation marks.

[2] Plaintiff used all capital letters which the court has converted to the correct case.

2

In addition, Plaintiff filed a motion for summary judgment. Dkt. [71]. The Defendants filed a response to Plaintiff's summary judgment motion, Dkt. [89], and a counter statement of facts, with an appendix of evidentiary materials, Dkt. [90].

Plaintiff very recently filed a motion for preliminary injunction, Dkt. [91],wherein he requests, *inter alia*, an injunction requiring that Plaintiff be permanently removed from SCI-Greene. That preliminary injunction motion, assuming it was properly filed, will be moot if the District Court adopts the instant report and recommendation.

**Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), quoting Fed.R.Civ.P. 56(e). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v.

Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52. In analyzing the record, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. McCarthy v. Recordex Serv.,Inc., 80 F.3d 842, 847 (3d Cir. 1996).

**Discussion**

Plaintiff attached the following to his motion for summary judgment: (1) an inmate's request to staff, and (2) an envelope, which was sent by him to this District Court, but which was returned unopened to Plaintiff because of insufficient postage. Dkt. [71-2] & Dkt. [71-3]. Plaintiff indicated that the contents of this mail was his *in forma pauperis* application for another civil action, i.e., Caldlwell v. Folino, No. 08-122 (W.D. Pa.). He claims that once the envelope containing his IFP papers was returned to the prison, the mail room opened the envelope outside his presence. These events apparently transpired in January 2008.

The trouble with Plaintiff's attempt to bring this additional claim of opening mail before the Court is that the claim accrued **after** Plaintiff's operative complaint was filed. Hence, this is an attempt by Plaintiff to file a supplemental complaint without leave of court. A supplemental pleading, as in the case of a supplemental complaint, is a pleading or complaint that recounts some matter that occurs after the filing of the pleading or complaint. Magee v. McNany, 10 F.R.D. 5, 9 (W.D. Pa. 1950); Klee v. Pittsburgh & W.V. Ry. Co., 22 F.R.D. 252 (W.D.Pa. 1958). The language of the Fed.R.Civ.P. 15(d),[3] which governs supplemental pleadings, makes

---

[3] Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the

4

strikingly clear that a supplemental pleading may not be filed without leave of court. See, e.g., Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1156 (5th Cir. 1992)("Dillard filed his supplemental complaint (which was stricken for failure to ask leave of court to file it)"); ECL Industries, Inc. v. Ticor and Southern Pacific Co., No. 85 Civ. 9592, 1986 WL 9222, at *2 (S.D.N.Y. Aug. 18, 1986)("Ticor filed a supplemental complaint (without seeking leave of court, as required by Rule 15(d), F.R.Civ.P.)").

Because Plaintiff seeks summary judgment on a claim that accrued after the filing of the operative complaint, summary judgment is properly denied him since the claim is not a part of the operative complaint nor this case. See Grain Traders, Inc. v. Citibank N.A., 160 F.3d 97, 105-06 (2d Cir. 1998) (affirming district court's refusal to consider claim that "could not have been pleaded in the complaint, given that it occurred after the complaint was filed," because the plaintiff "did not seek leave to file an amended complaint or to file a supplemental pleading"). Cf. Smith v. Copeland, 892 F.Supp. 1218, 1232 n.2 (E.D.Mo. 1995)("This allegation is notably absent from plaintiff's second amended complaint, and the Court therefore does not characterize it as a properly asserted basis for a separate constitutional claim.").

Given that the sole evidence Plaintiff presents in his summary judgment motion relates to a claim not cognizable because it occurred after the filing of the operative complaint, Plaintiff has failed to carry his initial summary judgment burden to show entitlement to a jury verdict. Hence, summary judgment should be denied him.

The Defendants filed a response to Plaintiff's summary judgment motion, wherein they raised the affirmative defense of failure to exhaust. Defendants appended to their response an

---

adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

affidavit from Diane Thomas, who is employed as an "Administrative Officer in the Office of the Superintendent" at SCI-Greene. Dkt. [90-2] at 69, ¶ 1.  Ms. Thomas averred that she reviewed the grievance records of the DOC, which are kept in the ordinary course, and that Plaintiff "Caldwell has never submitted a grievance while at SCI-Greene challenging the manner in which his privileged mail is processed or asserting that his privileged mail has been opened outside his presence." Dkt. [90-2] at 70.  Plaintiff did not file any sort of response to the Defendants' assertion that he failed to exhaust his claims.

Pursuant to 42 U.S.C. § 1997(e)(a) of the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The pertinent Pennsylvania DOC policy, establishing what administrative remedies are available to prisoners in DOC institutions was promulgated in DC-ADM 804. Dkt. [90-2] at 69 to 70, ¶ 2.; id. at 72 to 89.

A District Court has the inherent authority to grant summary judgment *sua sponte* so long as the party opposing summary judgment has notice and an opportunity to be heard concerning the proposed basis for the sua sponte grant of summary judgment. Canell v. Bradshaw, 97 F.3d 1458, at *5 (Table, Text available in Westlaw) (9th Cir. 1996) (unpublished) ("A district court may grant summary judgment to a non-moving party sua sponte so long as the other party has had an adequate opportunity to address the relevant issues."). See also Celotex, 477 U.S. at 326 ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). The Defendants' response, which raised the issue of exhaustion, together with this report and recommendation,

can serve as the necessary notice. The opportunity to file objections provides Plaintiff with the opportunity to be heard with respect to this issue. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, at *1 (6th Cir. 1998)(same).

Hence, in light of the record, the Court recommends that the District Court *sua sponte* enter summary judgment in favor of the Defendants and against the Plaintiff based on his failure to exhaust his administrative remedies with respect to his claims of his legal mail being opened outside of his presence.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by April 21, 2008 in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 3 April, 2008

cc:    The Honorable Terrence F. McVerry
       United States District Judge

Clay Caldwell
EM-2163
S.C.I. at Greene
175 Progress Drive
Waynesburg, PA 15370

Scott A. Bradley,
Senior Deputy Attorney General
by Notice of Electronic Filing